B. & M. R. R. Co. v. Seward County.

THE BURLINGTON & MISSOURI RIVER R. R. CO. IN NEBRASKA, APPELLANT, v. THE BOARD OF COUNTY COMMISSIONERS OF SEWARD COUNTY, APPELLEE.

1. **Constitutional Law**: EXEMPTIONS FROM TAXATION FOR FOREST AND FRUIT-TREE CULTURE. Under sec. 2, art. IX. of the constitution of 1875, all that can be exempted from taxation on account of forest and fruit-tree culture, is the increased value to the land in consequence thereof.

2. **Assessment of Property for Taxation:** ACCIDENTAL OMISSIONS. Accidental omissions of property, in making assessments for taxation, do not invalidate the tax upon other property.

3. ———: EXEMPTION MADE UNDER A MISAPPREHENSION OF THE LAW. Omissions or exemptions purposely made under a misapprehension of the law, and in the belief that the property is not taxable, is not a sufficient ground for enjoining the collection of a tax upon other property otherwise legally imposed.

4. ———: ———: REMEDY. Under the law of this state, where a tax payer feels himself wronged by the assessment or valuation of his own or other property for taxation, he has an adequate legal remedy by a resort to the county board of equalization, and, neglecting this, he can have no standing in a court of equity for relief.

APPEAL from Seward county. Tried below before POST, J.

*T. M. Marquett,* for appellant.

The altering of the assessment rolls by deducting the $100 for each acre of trees planted makes the

NOTE.—The timber act of 1869, Gen. Stat., 88, referred to in the text, *held* unconstitutional, *U. P. R. R. v. Saunders County*, 7 Neb., 229. The list of property sworn to by the owner is not conclusive, and will not justify the assessor in neglecting to assess property which he knows has been omitted. *Roe v. St. John*, 7 Neb., 141. *Lynam v. Anderson*, 9 Neb., 376, and note page 368.—REP.

whole assessment void, at least so far as the deductions are concerned, and equity will give relief so as to place tax payers in the same position as though said deductions had not been made. *State of Nevada v. Manhattan Mining Co.*, 774. American Corporation Cases, page 614. *Fenton v. Fellows*, 33 Mich., 199, 204. *The City of Galesburgh v. Hankinson*, 75 Ill., 152. *Darling v. Gum*, 50 Ill., 152. *Board of Sup. Bureau Co. v. C. B. & Q. R. R. Co.*, 44 Ill., 229. *Sherlock v. Village of Winneka*, 68 Ill., 229. This is not a case where plaintiff only pays his just taxes and others are exempted, but where, by deducting from the assessed value of others, the amount so deducted is put upon plaintiff's property. *Jones v. County Coms.*, 5 Neb., 561. *Frazier v. Leiber*, 16 O. St., 619. The rule is this: Where a person's taxes are increased by an unauthorized exemption, deduction, or omission of property from the tax roll, an injunction will lie to restrain the taxes. *Hazen v. City of Rochester*, 65 N. Y., 516. Cooley on Taxation, 157. *Merrill v. Humphrey*, 24 Mich., 170. *Milwaukee Iron Co. v. Hubbard*, 29 Wis., 51.

*McKillip & Page*, for defendant in error.

1. Where a statute exempting certain property from taxation is unconstitutional, the omission to assess and tax such property will not render void a tax levied upon the property of others, nor can the owner of such other property, whose taxes are increased by reason of such omitted property, enjoin the collection of the tax against his own property for that reason. *Miller, J.—Muscatine v. Miss. & C. R. R. Co.*, 1 Dillon C. C., 536. *Exchange Bank v. Hines*, 3 O. S., 1. *People v. McCreary*, 34 Cal., 432. *Adams v. Beman*, 10 Kan., 37. High on Injunction, 200 to 204. Cooley

on Taxation, 154, 157. *Watson v. Princeton*, 4 Met., 602. Cooley on Taxation, 536, 537.

2. In general, equity will not enjoin collection of taxes because of mistakes in judgment on the part of the officers assessing the tax, where they act fairly and impartially and in good faith, whether such "mistakes" be of fact or of law. *LeRoy v. New York*, 4 John. Ch., 352. *Mooers v. Smedley*, 6 John. Ch., 27. *Adams v. Bemis*, 10 Kan., 37. *Dunham v. Chicago*, 55 Ill., 361. *Hughes v. Kline*, 30 Pa. St., 277. *Watson v. Princeton*, 4 Met., 602, Shaw, J. High on Injunction, 201, sec. 361.

*Mason & Whedon*, on same side, cited Gen. Stat., 907, sec. 27. *Smiley v. Sampson*, 2 Neb., 56. Sedgwick on Const. Law, 343. *Road Co. v. Black*, 32 Ind., 468. *Van Doren v. The Mayor*, 9 Paige Ch., 38. *State Railroad Tax Cases*, 92 U. S., 575. *Gilpatrick v. Inhabitants of Saco*, 57 Me., 277.

LAKE, J.

The object of this action is to enjoin the collection of taxes levied upon the plaintiff's property, consisting of uncultivated lands, lying and assessed for taxation in said county.

The *first* ground assigned for this relief is that the levy for the payment of interest on certain bonds voted in aid of the Midland Pacific Railway Company was excessive, and beyond the rate authorized by the report of the state auditor as to the amount required for that purpose.

As a *second* ground, it is alleged that the levy included certain school district taxes, which were wholly illegal and void, they not having been voted by the respective school districts, or directed by the boards

thereof, as the statute requires, to authorize the same. Gen. Statutes, ch. 68, secs. 33, 34, 55.

The *third* ground for the relief is that no oath of the assessor was made and attached to the assessment roll. And that after the assessment was made, and before the levy, the county clerk, by order of the county commissioners, changed the assessment roll by deducting from the value of all lands where trees were being cultivated—for each acre of forest trees, $100, and for each acre of fruit trees, $50. That the deductions so made amounted to the sum of $115,774; that the total valuation of the plaintiff's lands, and which were uncultivated, was $431,344.

And, finally, as a *fourth* ground for the injunction sought, it is alleged that the commissioners levied for that year a road fund tax of two mills on the dollar valuation, which, it is claimed, was without authority, and is void. It is further charged that, unless the injunction be granted, the county treasurer will proceed to make collection of the taxes levied against the plaintiff's said real estate by a forced sale thereof, as the statute directs.

To this petition it was answered—*first*, that the excess complained of in the levy to meet the interest on said bonds over the amount certified by the auditor, was imposed to pay certain interest which had accrued on interest coupons, the payment of which, at their maturity, had been prohibited by a temporary injunction granted at the instance of this plaintiff in another action, which injunction had been dissolved; and, *second*, it is denied that any change was made in the assessment roll, but it is alleged that the several precinct assessors, in valuing property, of their own motion made the deductions on account of forest and fruit tree culture complained of, and that the plaintiff was well aware that they were made long before the

meeting of the county board of equalization for that year. As to the *fourth* ground of complaint, or cause of action, it is answered that on the fifth of October, 1877, the county commissioners ordered the said road tax remitted, and directed the treasurer of the county not to collect it. To the *second* cause of action there was filed a general demurrer.

The plaintiff, in reply, denies the new matter contained in the *first* and *third* counts of the answer, and on the issues thus presented the case was tried, resulting in a finding of the equities in favor of the plaintiff as to said school district and road taxes, and also as to the excess of levy for payment of interest on said bonds over the amount certified by the state auditor, and as to all the other matters in favor of the defendants; from which decision the plaintiff appeals to this court.

There can be no doubt of the illegality of the several exemptions and deductions in the assessment of property here complained of, although the assessors doubtless performed their duties in good faith, as they understood them, and with no design to wrong the plaintiff or any other tax payer. These errors were occasioned, doubtless, from the failure of the proper officers to observe the conflict between the act of February 12, 1869, to encourage the growth of timber and fruit-trees [Gen. Stat., 88], under which they were accustomed to proceed, and the provisions of article 9 of our present constitution. By the former the deductions were specially provided for, while under the latter—the paramount law—all that can be exempted by the legislature from taxation, on account of forest or fruit-tree culture, is the increased value to the land in consequence thereof. Sec. 2 of said article.

The effect, however, of the course pursued was to

increase somewhat, nay, considerably, the rate of the levy upon property placed on the tax duplicate for that year beyond what it would have been under a proper valuation.    But this is always the result where, from any cause, such as the omission of taxable property from the assessment lists, or erroneous exemptions, property legally liable escapes taxation, which, indeed, is probably the case to a greater or less extent every year.

But we think it is well settled that mere accidental omissions in the assessment of property do not invalidate the tax.    Indeed, this much seems to be conceded by plaintiff's counsel.    And he seeks to distinguish between such omissions and those purposely made under a misapprehension of the law, and in the conscientious belief that the property omitted is not taxable.    But we fail to recognize any sound distinction in principle between the two cases; nor do we regard either as a sufficient ground for enjoining the collection of a tax upon other property, otherwise legally imposed.    The assessment roll duly returned— as this one is presumed to have been, there being no evidence to the contrary—whatever may have been the errors or imperfections it contained as to the listing and valuation of property, after passing the judgment of the board of equalization, was a valid basis for the levy of taxes for that year, no fraud being alleged or shown.

Where a tax payer feels himself wronged, either because his own property is valued too high, or that of others too low, or omitted altogether from the lists, a summary and inexpensive remedy is provided by a resort to the county board of equalization, a tribunal created expressly to hear complaints and make corrections of the assessment roll, preliminary to the levy of taxes, to the end that every person shall bear

his due proportion, and no more, of the public burdens. The plaintiff, having entirely neglected to bring the matter of these deductions and exemptions to the attention of this board, is in no situation to be heard in complaint now. Nor does it matter that some of the deductions were made, as the evidence shows, by the board of equalization. This was error to be sure, but having occurred in the determination of a question of which the board had jurisdiction, their decision must stand until corrected in a proper proceeding. In this particular all tribunals exercising judicial functions are treated alike. As to the road and school district taxes no question is presented for our decision, and we will only say of the action of the court below respecting them that it was right. Neither of these was authorized by law, and they were properly enjoined. The allegation in the petition, that the assessors failed to take the oath required of them by the statute, seems to have been abandoned, there being no evidence to support it.

We find no error in the judgment of the district court, and it is affirmed. •

JUDGMENT AFFIRMED.