THE B. & M. R. R. Co. IN NEBRASKA, PLAINTIFF IN ER-
ROR, v. THE BOARD OF COUNTY COMMISSIONERS OF SA-
LINE COUNTY, ET AL., DEFENDANTS IN ERROR.

1. Taxation: ASSESSMENT: RETURN. The failure of assessors to return their assessment rolls to the county clerk, within the time required by the statute, is a mere irregularity and does not invalidate the tax.

2. ——: ——. Accidental omissions of property from the assessment roll, or omissions purposely made under a mistake of law, and in the belief that the omitted property is not taxable, is no ground for enjoining the collection of taxes upon other property which is assessed.

ERROR to the district court for Saline county. Heard below before WEAVER, J.

*T. M. Marquett*, for plaintiff in error.

*Hastings & McGintie* and *W. H. Morris*, for defendants in error.

LAKE, CH. J.

This action was brought in the district court to enjoin the collection of certain taxes levied for the year 1877 upon the property of the railroad company in Saline county. The petition was demurred to, the demurrer sustained, and the question here is whether the facts alleged constitute a cause of action.

The first point made against these taxes in the petition

is, that the assessment rolls for that year were not returned by the several assessors to the county clerk by the second Monday in April, as the statute requires. This omission to comply literally with the terms of the law was but a mere irregularity which in no wise affected the levy. In this particular the statute is only directory. *Williams v. School District*, 21 Pick., 75.

The next point made is, that the assessment was invalid in this, that the valuation of agricultural lands was made upon the statutory basis, whereby certain improvements were exempted from taxation which by the constitution had been prohibited. Under the law, as it stood at the adoption of the constitution of 1875, assessors were required not to value such lands any "higher by reason of any improvements thereon made exclusively for agricultural purposes, unless such improvements exceeded the sum of one thousand dollars," in which case such excess only should be considered. Sec. 4, chapter 66, Gen. Stats. This rule the constitution abrogated.

It is not alleged that either the assessors, or the county commissioners, in what they did in this particular acted in bad faith. In "following or attempting to follow the statute," as the petition charges them with having done, they doubtless supposed themselves to be strictly within the line of official duty, and although it is now discovered that they were not, by reason of which a large amount of taxable property was not assessed and therefore escaped taxation, it furnishes no excuse for exempting that which was assessed. Doubtless one effect of this mistake was—as we took occasion to say in *B. & M. R. R. Co. v. Seward County*, 10 Neb., 211—to increase somewhat the rate of the levy upon property placed on the tax duplicate for that year beyond what it would have been under a proper valuation. In that case we held that a like mistake was not a sufficient ground for enjoining a tax upon other property otherwise legally imposed.

*Watson v. Inhabitants, etc.,* 4 Met., 599. *Insurance Co. v. Yard,* 17 Penn. St., 311.

We are of opinion that the petition fails to state a cause of action, and the judgment must be affirmed.

JUDGMENT AFFIRMED.