ELIZABETH B. CROSWELL *vs.* CHRISTIANA M. BENTON *et al.*

Argued May 19, 1893.    Reversed July 21, 1893.

**Auditor's Omission to Certify all Taxes, does not Discharge Those Omitted.**

When taxes upon real property are merely delinquent, and no judgment has been obtained against the same, and no sale has been made, payment of the amount certified by the county auditor to be due and delinquent for taxes and tax liens to the county treasurer will not have the effect of discharging the land from all taxes, in case of a failure, through a mistake of the auditor, to pay all that is actually due.

Case Distinguished.

The facts in the case distinguished from those considered in *Forrest* v. *Henry*, 33 Minn. 434.

Laws 1881, Ch. 135, Applied to all Unpaid Taxes Prior to 1879.

The title and the various provisions of Laws 1881, ch. 135, clearly indicate that it applied to all lands which had become delinquent for nonpayment of taxes prior to the year 1879, and not solely to lands which had been forfeited to the state prior to that year.

Appeal by defendants, Christiana M. Benton and others, from an order of the District Court of Hennepin County, *Henry G. Hicks,* J., made August 15, 1892, granting plaintiff's motion for a new trial.

The plaintiff, Elizabeth B. Croswell, brought this action to recover possession of lot ten (10) in block twenty-two (22) in St. Anthony. She alleged that in 1852 William A. Cheever owned the lot in fee simple, and that she had by sundry mesne conveyances, acquired his title. That defendants claim title adverse to her through a certain tax certificate which is invalid. The defendants were the widow and children of C. H. Benton, deceased.

The taxes on the lot for the year 1875 were returned delinquent. Under Laws 1881, ch. 135, judgment was obtained against the lot September 1, 1881, for the amount of that tax, and on September 28, 1881, the lot was sold pursuant to the judgment and was purchased by C. H. Benton for $17.70. He received a certificate and under it defendants claim title. The plaintiff claimed she had on July 14, 1877, called upon the County Auditor, and demanded a statement of all unpaid taxes on the lot. The auditor made a statement of taxes which he said, and she supposed, included all unpaid taxes on the lot, but it did not show for what year or years the tax was levied. It was in fact a statement of the amount of the tax for the year 1876, then past due. This statement did not include the tax for the year 1875. She took the statement to the County Treasurer and paid the amount; $6.30, and he receipted for the money by writing the word "Paid" and his name upon the Auditor's statement. She claimed that the judgment and sale were for that reason void, under Laws 1881, ch. 135, § 7. On the trial the Judge charged the jury that defendants' tax title was good, unless the taxes for the year 1875 were paid by plaintiff, or unless she did what was equivalent to payment; what she did at the

Auditor's office cuts no figure, unless it was sufficient to call his attention to the tax of 1875. It was her duty to clearly call his attention especially to the tax she wanted to pay. If she was going to make a tender of the taxes, she should have demanded a statement of the tax for 1875. To demand a statement of all back taxes on the lot, was not the equivalent of the demand she was required to make. To this charge the plaintiff excepted. The jury returned a verdict for defendants. Plaintiff made and settled a case containing exceptions and moved for a new trial. The court granted it, on the ground that in submitting the case to the jury, an error was committed in stating that it would not be equivalent to demanding a statement of the taxes of 1875 to demand a statement of all back taxes on the lot. From this order defendants appeal.

*Benton, Roberts & Brown* and *Frank Healy,* for appellants.

The conceded facts are, that a tax was regularly assessed against the land in question for the year 1875, that this tax has never in fact been paid; and if the plaintiff recovers, it must be because the evidence shows that there was on her part an attempt to pay this tax, which was prevented by the mistake or misconduct of the County Auditor. Laws 1874, ch. 1, § 156, made it the duty of the Auditor to add any unpaid tax to the tax on the same property for the next succeeding year. That law was however expressly repealed by Laws 1877, ch. 6, § 38, which took effect March 7th of that year. Laws 1874, ch. 1, §§ 154, 155, were in effect repealed by Laws 1875, ch. 1, §§ 46, 47, where those two sections were so modified as to entirely change their meaning. There had been no tax sale of the land in question since 1874, when the plaintiff on June 14, 1877, made an application in the ordinary course of business for the amount of taxes delinquent for the current year. The absence of any such requirement upon the County Auditor to add a statement of any unpaid prior tax, clearly distinguishes the case at bar from that of *Forrest* v. *Henry,* 33 Minn. 434. In that case, application was made to the County Auditor to redeem from a tax sale, and the certificate was given as required by Laws 1874, ch. 1, § 130, as amended by Laws 1875, ch. 5, § 33. That law, in express terms, required the party, before getting such certificate to pay all unpaid

taxes, interest and penalties, that may have accrued on such piece or parcel, and the auditor was not authorized to issue a certificate of redemption, unless such payment was made. The same section also provided that if the amount so paid for the purpose of redemption be less than that required by law, it shall not invalidate such redemption, but the auditor shall be liable for such deficiency.

In her testimony plaintiff stated that when she applied for the statement in June, 1877, she asked for a statement of all taxes due. Upon this point, if there was any question to submit to the jury, the charge of the court was quite as favorable as the plaintiff had any right to expect. Assuming that her statement was exactly true, that would not make this tax sale void *in toto*, but would, at most, only entitle her to equitable relief, and the proceedings assailed would be, not void, but at most voidable. *Corning Town Co.* v. *Davis*, 44 Iowa, 622.

*Howe Paige*, for respondent.

The tax for the year 1875 against the property in question became delinquent in June, 1876, and remained thereafter uncollected on the tax duplicate, from which it was not copied for any purpose until September, 1881, when the Auditor placed it on the forfeited tax list of that year. On June 14, 1877, plaintiff applied to the Auditor for a statement of all taxes upon the property in question, and she paid the sum stated, believing she paid all taxes then delinquent. The charge to the jury repeatedly and pointedly impressed upon the mind of the jury the instruction, that in order to find for plaintiff, they must find that she specifically named the year 1875, as the delinquent year, when she made her demand for a statement of taxes, and that her demand for a statement of all delinquent taxes was not enough. We think the trial judge should be sustained in his opinion that this instruction was erroneous. *People ex rel.* v. *Registrar of Brooklyn*, 114 N. Y. 22; *Breisch* v. *Coxe*, 81 Pa. St. 336; *Martin* v. *Barbour*, 34 Fed. Rep. 701, 140 U. S. 634; *Forrest* v. *Henry*, 33 Minn. 434; *Gage* v. *Scales*, 100 Ill. 218.

We do not agree with the court below that the act providing for the forfeited, irredeemable sale of 1881, was intended to enable the state to enforce claims for taxes which it had never before endeavored to collect in any form of proceeding. It will not be as-

sumed that the legislature intended to provide a sale without redemption, for cases of simple delinquency, however stale the claim. The act only included claims which matured in 1879 or prior years, and could therefore have been enforced by a sale in that or some earlier year, from which a forfeiture would have resulted, before the forfeited sale in 1881. Laws 1881, ch. 135, always, and no less than seven times, describes the list it provides for, as a *forfeited* list, and the lands as *forfeited lands,* and they are so described in the defendants' certificate. The act makes no provision for the payment of the taxes referred to, but only for their redemption. There can be no redemption of a merely delinquent tax. That word always implies a sale or forfeiture to be relieved from. No tax law was ever enacted in this, or any other state, that we have been able to find, providing for a sale without redemption, of lands not previously forfeited, but simply delinquent.

COLLINS, J. This was an action in ejectment, in which the defendants had a verdict. The present appeal is from an order granting a new trial because the court below was of the opinion that it erred when charging the jury. The plaintiff was the owner of the property, unless her title had been divested in proceedings under Laws 1881, ch. 135,—the act to enforce the payment of taxes which became delinquent in and prior to 1879; and the regularity of the sale of the premises to defendants' predecessor in interest under that act is not questioned, except as will appear from the following statement: The tax for the year 1875 against the property became delinquent June 1, 1876, at which time, under the law, the county treasurer returned the tax lists to the auditor. For some reason the latter officer took no further steps tending to enforce the collection of this tax until September, 1881, when he placed the property on the list provided for in section 1 of the act of 1881, as delinquent for the year 1875, and sale was had, as before stated. It appeared from the testimony that on June 14, 1877, plaintiff, by her agent, applied to the county auditor for a statement of all taxes upon this and other lands. A statement was delivered by the auditor, in which he certified that a certain sum was the amount of taxes delinquent on the tract in question "for the years specified." The blank space in which the year or years

should have been designated was not filled, however, so that it did not appear for what year or years the delinquency existed. The sum specified was paid in the belief that it covered all delinquent taxes upon the land, the treasurer receipting therefor upon the auditor's statement or certificate. The fact was that the tax before mentioned as delinquent for the year 1875 was not included, and plaintiff only paid the amount then due as the delinquent tax for the year 1876.

It is asserted by respondent's counsel that no real distinction can be pointed out between the case at bar and that of *Forrest* v. *Henry*, 33 Minn. 434, (23 N. W. Rep. 848.) There the land had been bid in by the state at the sale in 1875. The owner, wishing to redeem, applied, as required by the statute, to the auditor, for a statement or certificate of the amount necessary to be paid in redemption. It was made the duty of the auditor to furnish such statement or certificate on application, and the statute provided that in order to redeem it was necessary to pay, not only the amount for which the land was bid in, but also all subsequent taxes, penalties, and interest, this amount constituting one certain and indivisible claim of the state against the land. Furnished with the auditor's statement or certificate, the owner had the right to redeem by paying the amount specified to the county treasurer. The statute expressly provided that, "if the amount so paid for the purpose of redemption be less than the amount required by law, it shall not invalidate such redemption, but the auditor shall be liable for the deficiency to the person entitled thereto." Under these facts, and because of these statutory provisions, the court held that when a party had redeemed by paying the amount thus certified to by the auditor the redemption was valid, notwithstanding the amount so paid was, by reason of the auditor's mistake, less than that actually required by law. In the case at bar the land had never been sold for taxes. They were simply delinquent when the application was made to the auditor. There was nothing from which to redeem, and what the owner desired to do, and the only thing she could do, was to pay the taxes, not to make redemption. When lands have become delinquent for nonpayment of taxes, and the lists have been returned to the auditor by the treasurer, and a party desires to pay the taxes, it is implied, at

least, from the provisions of 1878 G. S. ch. 11, § 69, that he must obtain a statement of the amount of the delinquency, including penalties and interest, from the auditor, and then pay to the treasurer. But there is no provision of the statute which authorizes or requires the auditor to certify generally that there are no delinquent taxes or tax liens on the property, or that delinquent taxes or tax liens exist for certain years only, or that gives any effect to a certificate of such a nature. There is such a provision when the lands have been sold, as was the case in *Forrest* v. *Henry,* and the cases of a redemption of land from a sale, and the payment of a delinquent tax when the land has not been sold, are entirely different. In the one case the amount for which the land has been sold, to the state or to an individual, with interest, and all subsequent taxes, penalties, and interest, is an entire claim, under the statute, all of which must be paid, as a condition of redemption, while in a case where there has been no sale a party may pay the tax for any one year without reference to what may be due for other years. If the redemption is not made effectual, either by payment of all that is actually due, or by a payment which, because of the statute, is equivalent to the payment of all that is due, the right to redeem may be lost, while in a case where the taxes are simply delinquent the land cannot be sold without proceedings to obtain judgment against it, of which the owner will have the notice provided by statute.

To hold that the payment made in 1877 by plaintiff's agent amounted to payment of all taxes then due, in the absence of a statute similar to that pertaining to redemption from sales, and passed upon in the action referred to, would lead to most serious results. Should an auditor erroneously inform a party that there were no delinquent taxes against his land, or should a treasurer, by mistake, inform one that there were no taxes assessed against his property for the current year, and reliance be placed upon this information, in utter disregard of future proceedings to enforce the collection of taxes through judgment and sale, no judgment could be obtained, and no sale had, which would not be open to attack, and liable to be avoided, by means of oral testimony as to what inquiries were made of the officials, and what answers they gave. This would be the inevitable result of such a holding, and,

should we follow the cases cited by respondent's counsel, we could not stop short of it. Where judgment has been obtained and sale made in proceedings to enforce the collection of taxes, the statute points out with exactness the duty of the party desiring to redeem, and prescribes the force and effect of a payment made by him upon the auditor's statement as to the entire sum due. It provides that mistakes of the auditor shall not operate to the injury of the redemptioner. Not so when the act of the party is payment, merely, and not redemption, and herein lies the distinction between this case and that of *Forrest* v. *Henry, supra*. The validity of tax sales cannot be placed at the mercy of any one who by design, or through honest mistake, testifies that at some date after the taxes became delinquent, and while they were delinquent, merely, he inquired of the auditor, and was informed that there were no delinquent taxes against his land, in the absence of a statute to that effect. Notice must be taken of subsequent statutory proceedings. With this view of the effect of the law of the case, there was no error in the charge of the court, prejudicial to the plaintiff.

There is nothing in the contention of respondent's counsel that the act of 1881 related only to lands which had been forfeited to the state. Its title and its various provisions clearly indicate that it had a broader scope. It was an act to enforce the payment of taxes which became delinquent prior to the year 1879.

Nor is there any merit in the claim that defendants' ancestor waived his right, and the right of his heirs, to assert against this plaintiff the tax title derived in 1881 by giving notice in 1887 to redeem from the sale made in 1883, and that such sale was redeemed from. It is sufficient to say, in respect to the offer to show what transpired in 1887 as to the notice to redeem, and the alleged redemption, that plaintiff did not offer to show that notice was served upon or addressed to her, or that she had anything to do with the redemption said to have been made.

Order reversed.

VANDERBURGH, J., did not take part.

(Opinion published 55 N. W. Rep. 1125.)