GEORGE E. WHEELER v. BOARD OF COUNTY COMMISSIONERS OF HENNEPIN COUNTY.[1]

October 24, 1902.

Nos. 13,177—(169).

**Taxes—Recovery of Excess Payment.**

In proceedings to enforce the collection of taxes for the year 1895 against plaintiff's real property, judgment was duly rendered in December, 1897, but no sale was made, and no further steps taken towards the enforcement of the collection of the judgment. In April, 1899, plaintiff applied to the county auditor for the statement provided for in G. S. 1894, § 1590, of the amount adjudged to be due and required to be paid. The auditor, in writing, stated the amount to be $236.98, or $44.30 in excess of the amount actually due, and this sum plaintiff paid to the county treasurer relying upon the statement, and believing it to be correct. *Held*, that the statement was one required to be made by the county auditor upon application. and that the plaintiff had a right to rely upon the implied assertion therein contained that the full amount alleged was actually due and necessary to be paid. Such a payment

[1] Reported in 91 N. W. 890.

cannot be regarded as voluntary, or made without any mistake of fact, and plaintiff can maintain an action to recover the amount of the excessive payment.

Action in the municipal court of Minneapolis to recover $44.30 and interest, being an alleged excessive amount certified by the county auditor of Hennepin county to be due upon certain land as taxes for 1895, and paid by defendant into the county treasury under a mistake of fact. The case was tried before Holt, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*F. H. Boardman*, County Attorney, and *C. L. Smith*, for appellant.

*Brown & Kerr*, for respondent.

COLLINS, J.

The plaintiff in this action seasonably interposed an answer in proceedings to enforce the collection of taxes assessed against his real property for the year 1895. December 24, 1897, he withdrew this answer, and in open court stipulated for the entry of judgment, and against the property, for the sum of $192.67, which judgment was then and there duly entered. It appears that the auditor subsequently failed to perform his duty, for there was no sale of the property in satisfaction of the judgment, and no further attempt made to enforce its collection in the statutory manner. April 19, 1899, plaintiff applied to the county auditor for a statement showing the amount due on the property as taxes for the year in question. He received an official statement, and thereupon paid to the county treasurer the amount therein asserted to be due; the amount so paid being $236.98, or $44.30 in excess of that actually due. The judgment did not bear interest, because there had been no sale (State v. Baldwin, 62 Minn. 518, 65 N. W. 80); and no penalty or costs had attached. In other words, the total amount necessary to be paid in order to relieve the property from the lien of the judgment, and the sum which should have been specified in the statement of the auditor, was $192.68, and no more. This action was brought to recover the amount of this excessive payment, upon the ground that plaintiff, having no

knowledge of the amount legally due, had the right to rely, and did rely, implicitly upon the statement made by the county auditor as to the sum he was obliged to pay. The court below found for the plaintiff, ordered judgment against the defendant for this excess, and the appeal is from an order denying a motion for a new trial. The order appealed from will have to be affirmed.

1. Counsel for the defendant has assumed, and plaintiff's counsel has not contended otherwise, that the statement made by the auditor was not one required to be made by him under the statute, citing Crosswell v. Benton, 54 Minn. 264, 55 N. W. 1125. G. S. 1894, § 1590, is very plain upon this point, and nothing more need be said, except that it was the duty of the auditor to furnish the statement in question on demand, and that in the case just referred to an entirely different statement, made by an auditor, was involved.

2. In view of the fact that before plaintiff could pay his taxes he was required to obtain the auditor's statement as to the amount due, it is evident that he should be allowed to rely upon the implied assertion therein that the full amount alleged was actually due, and necessary to be paid. It is true that he knew the amount of the judgment as entered, or must be presumed to have known it; but he did not know, nor could he ascertain without examination of the auditor's books, that there had been no sale, as provided by law, and consequently that the judgment bore no interest; and, further, for the same reason, that no penalty or costs had accrued. He could safely presume, when reading the statement and discovering the claimed amount to be in excess of the judgment, that the auditor had performed his duty, that there had been a sale, and that a penalty or costs or interest based thereon had been properly charged against his property. We do not think that when such a payment is made it can be regarded as voluntary, or made without any mistake of fact.

The case is unlike those referred to by defendant's counsel, and found in the citation of authorities in the appellant's brief as reported in Falvey v. Board of Co. Commrs. of Hennepin Co., 76 Minn. 257 (79 N. W. 302). Nor is that case at all in point, for there the owner of the real property in question paid his taxes

with full knowledge that the levy and assessment were illegal, and that he had a defense properly to be asserted in the tax proceedings. He allowed judgment to be entered against his property, paid the sum alleged to be due, and then attempted to recover this amount from the county. As was said, such recovery, if permitted, would be a mere evasion of the tax law as to the finality and conclusiveness of judgments in tax proceedings.

Order affirmed.