Patrick and Elizabeth  
O'Reilly, Appts.  
vs.          No.60751  
Clarence E. Cray,  
City Treasurer  

December 8, 1926

BAKER, J.   Jury trial waived.

Heard on an agreed statement of facts.

This action is brought by the plaintiffs to recover back from the City of Providence certain taxes paid by them in the year 1923.

It appears that the plaintiffs at that time owned, both individually and jointly, certain real estate situated in the City of Providence. On the first day of November, 1922, the plaintiffs leased by a written instrument, which was duly recorded on the same day, to the State Board of Public Roads for and in behalf of the State of Rhode Island, for a term of ten years, two certain lots owned by them jointly, a provision in the lease being that any garage, building or structure erected on said premises during the lease should be deemed to be the personal property of the lessee, namely, the State of Rhode Island, and upon the termination of the lease the said lessee was given authority to remove any such structure as its own property.

In 1923 the real estate in the City of Providence assessed to the plaintiffs jointly was valued at $27,720, and this lump sum appeared on the tax bill of the plaintiffs as joint owners for that year. It is agreed that of this assessment of $27,720, the sum of $10,000 was assessed as the value of the improvements on one of the lots of land leased by the plaintiffs to the State of Rhode Island under the terms of the lease above referred to. It is also agreed that the tax rate for

the year 1923 was $23 per thousand and that the tax, therefore, upon said improvements on said lot would amount to $230. This is the sum which the plaintiffs are seeking to recover with interest. It further appears that the plaintiffs paid their taxes, both joint and individual, by a check of the plaintiff, Patrick O'Reilly, dated October 20, 1923, for the lump sum of $1586.74. This payment was made without protest of any kind. A short time later the plaintiffs filed a petition to the City Council of the City of Providence, asking for a remission of the taxes assessed on the improvements situated on said lot because of the fact that said improvements belonged to the State of Rhode Island, and on February 4, 1924, the petitioners were given leave to withdraw.

It is, of course, undisputed that the improvements on said lot, being the property of the State of Rhode Island, were not taxable by the City of Providence.

The plaintiffs contend that they are entitled to recover the taxes, amounting to $230 with interest, paid the city by reason of the including of the improvements on the said lot in question in the assessment for the year 1923, first, because they claim that the city had no power or jurisdiction to assess said improvements and that, therefore, said assessment was entirely void; and secondly, because the payment of the tax to the city was made under a mistake of fact and is, therefore, recoverable.

The defendant urges that the payment to the city, having been entirely voluntary and without protest, can not now be recovered by the plaintiffs.

After considering the matter carefully, the court has come to the conclusion that the fact that in this case the assessment was entirely void because made upon property which the city had no right to tax does not in itself give the plaintiffs the right to

recover, nor does it distinguish this case in principle from cases decided in, this state or from what appears to the court to be the weight of authority in other jurisdictions.

In The American Bank vs. Mumford, 4 R. I. 478, the court says: "We think it is well settled that money paid under a void assessment, i. e. where the person or property assessed is not liable to be assessed at all, may be, if compulsorily paid, recovered back in a case of assumpsit."

The court here was considering, evidently, an assessment entirely void and would seem, at least by intimation and deduction, to hold that if the payment was not under compulsion it could not be recovered back.

See also Dunnell Mfg. Co. vs. Newell, 15 R. I. 233, where the court holds clearly that an action will not lie to recover the amount of taxes illegally assessed but voluntarily paid, and in this case also, a consideration of it seems to the court to show plainly that the assessment was considered entirely void and not an instance where there was some defect or some irregularity in an otherwise good and valid assessment.

It seems to be clearly the law that in order for a plaintiff to recover taxes paid by him, the tax must not only be illegal and void, but it must have been paid under compulsion, within the legal meaning of that term, and not voluntarily, or must have been paid under protest.

Cooley on Taxation, 4th ed. Vol. 3, Sec. 1276.

Cyc. Vol. 37, p. 1178.

Public policy, apparently, to some extent influences the courts in making this ruling.

The court finds, therefore, that the mere fact that the assessment in the matter now before it was entirely void as being upon non-taxable property does not in itself give the plaintiffs a right of action.

The second point raised by them, however, presents some difficulties. They contend that the facts as submitted show that this tax was paid under a mistake of fact. They call attention to the tax bill, in which all the property held by the plaintiffs jointly appears lumped in one single valuation.

It seems well settled that if this tax was paid by the plaintiffs by reason of a mistake of law, then they are not entitled to recover the same.

Cooley on Taxation, Vol. 3, 4th ed., Sec. 1294.

There are, however, cases in some jurisdictions which hold that if the payment is made under a mistake of fact and not in any way due to the neglect of the taxpayer himself, then the tax is recoverable. It is these cases upon which the plaintiffs most strongly rely.

Cooley on Taxation, Vol. 3, 4th ed., Sec. 1295.

Betz vs. N. Y., 103 N. Y. S. 886, 193, N. Y. 625.

Wheeler vs. Commissioners, 87 Minn. 243.

Some of the cases of this type hold that where a payment has been made under what is a clear mistake of fact, then it can not be considered a voluntary payment and is, therefore, regarded by such courts as akin to a payment made under compulsion.

Apparently the question of a payment made under a mistake of fact has not been before the courts in this state. It is clear, however, that the law here is well settled that if a tax is paid voluntarily, it is not recoverable.

After a careful consideration the court has come to the conclusion that the facts as submitted here do not so clearly show a payment by the plaintiffs under a mistake of fact alone, made without any neglect on their part, as would justify this court in holding that they were entitled to recover back the sum claimed by them.

While the question is not without some difficulty, the court is of the opinion that whatever mistake there might have been, in any, in the minds of the parties, it was more in the nature of a mistake of law rather than of fact, and, therefore, not a ground for action on the part of the plaintiffs.

Johnson vs. Grady County, 50 Okla. 188.

Tripler vs. City of New York, 125 N. Y. 617.

The court finds that in this case the facts as submitted show a voluntary payment by the plaintiffs without any such mistake of fact as would under the law justify the court in allowing recovery. Granting that the plaintiffs may have certain moral rights to the money involved, the court on the facts presented does not find any basis for recovery.

Decision for the defendant.

For Plaintiff: John P. Beagan.

For Defendant: Herbert E. Eklund, Assistant City Solicitor.