(No. 1827—

McILVAINE BURNER CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

WILSON & McILVAINE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This claim was filed on November 7, 1931, and it was based upon the fact that the McIlvaine Burner Corporation had paid franchise taxes to the State of Illinois in an amount in excess of the amount required to be paid by the claimant

under the terms and provisions of Section 105, Chapter 32, Cahill's Revised Statutes of the State of Illinois.

It appears that the authorized and issued capital stock of claimant is and has been, since the incorporation of said claimant, 5,000 shares, having no par value, and the amount of consideration received by said corporation for each share of stock was $5.00.

For each of the years 1925 and 1926, the claimant paid the State of Illinois $250.00 as a franchise tax assessed against its capital stock, and it is admitted that the franchise tax so assessed was properly assessed under the terms and provisions of the Statute then in force.

For the year 1927, claimant paid the State of Illinois the sum of $275.00 franchise tax, for the year of 1928 the sum of $250.00, for the year 1929 the sum of $12.50, for the year 1930 the sum of $275.00 and for the year 1931 the sum of $12.50, making a total of $825.00. Both the $275.00 payments were payments of franchise taxes plus a 10 per cent penalty, or $25.00 in each instance. The claimant states that a claim in the sum of $760.00 was properly presented to the Secretary of State, and that he refused payment. Under the terms of Statute then in force, each corporation organized under the laws of the State of Illinois, having stock of no par value, was required to pay an annual franchise tax of five cents on each $100.00 received by such corporation for its shares of stock of no par value. This corporation had 5,000 shares of no par value stock, but it only received $5.00 per share. It would, therefore, be required to pay an annual franchise tax of 5c on each $100.00 of the $25,000 received by it as the consideration for the issuance of its 5,000 shares of no par value stock, or an annual franchise tax of $12.50, and a 10 per cent penalty for failure to file its annual report in each instance would be $1.25. Payment under a mistake of fact is generally held to be recoverable, at least where a mistake on the part of the tax officer is made. (87 Minn. 243; 91 Northwestern 890.) The mistake in this instance appears to have been made because of a mutual mistake of fact, and it is the judgment of this court that the claimant be allowed the sum of $760.00 for such mistake.