**COOPERATIVE POWER ASSOCIATION,**
Respondent,

v.

**M.G. ASTLEFORD, et al., Defendants,
Oakland Properties Limited,**
Appellants.

Nos. C8–85–2243, C5–86–10.

Court of Appeals of Minnesota.

April 29, 1986.

**314**

John E. Drawz, Minneapolis, for respondent.

David G. Keller, Eagan, for Appellants.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This appeal is from judgment entered on behalf of respondent Cooperative Power Association (CPA). The trial court determined, pursuant to Minn.Stat. § 272.45 (1984), that CPA was entitled to reimbursement from appellants for property taxes erroneously paid by CPA on land owned by appellants. We affirm.

## FACTS

In December, 1977 CPA purchased a portion of property from appellant Oakland Properties Limited which had been severed by a right-of-way for Interstate Highway 35E. Oakland Properties, a limited partnership, was the contract for deed vendee of a parcel of land which included not only the property sold to CPA but also property to the north of the interstate. Appellants M.G. Astleford and Jane Astleford were the contract for deed vendors and fee owners of the entire property.

In 1978 and 1979 CPA received from the Dakota County Auditor's office a tax statement detailing amounts owed for property taxes and assessments. The statements included charges not only for the land CPA had purchased but for the entire parcel as it had existed before the sale of a portion to CPA. The full amounts were paid by CPA for both years.

In 1983 the Dakota County Auditor informed CPA that the county had erroneously designated the entire parcel of land as owned by CPA. Thus, for the years 1978 and 1979, CPA paid the property taxes and special assessments owing for both its property and that retained by appellants. The amount inadvertently paid by CPA was $11,255.95.

CPA demanded repayment of the taxes and assessment from appellants with interest citing Minn.Stat. § 272.45 (1984) as authority for the reimbursement. Oakland Properties did make payment to CPA of the principal amount of $11,255.95 but refused to pay interest. The payment was returned to Oakland Properties by CPA and action was brought by it to collect the full amount. The trial court awarded CPA $11,255.95 with interest. Judgment was entered and Oakland Properties appeals.

## ISSUE

1. Is CPA entitled to repayment of the property taxes and special assessments erroneously paid by it on land owned by appellants?

## ANALYSIS

Minn.Stat. § 272.45 provides that one who pays any taxes on the land of another can recover the amount paid from the owner of such property with interest:

> When any tax on land is paid by or collected from any occupant or tenant, or any other person, which, by agreement or otherwise, ought to have been paid by the owner, lessor, or other party in interest, such occupant, tenant, or other person may recover by action the amount which such owner, lessor, or party in interest ought to have paid, with interest thereon at the rate of 12 percent per annum * * *.

Minn.Stat. § 272.45 (1984).

In 1978 and 1979 CPA received tax statements from the Dakota County Auditor which included those property taxes and special assessments due on land owned by appellants. CPA inadvertently paid the taxes and assessments for both years. By statute, CPA is entitled to recover from appellants the full amount of the taxes erroneously paid, $11,255.95, with interest on that amount at the rate of 12% per annum.

Appellants argue the statute is not applicable here because CPA voluntarily paid the taxes and assessments on the entire parcel of land. Thus, they are not obligated to pay absent an agreement between themselves and CPA indicating otherwise.

A tax payment is not considered voluntary when made under a mistake of fact. Such mistake may consist of some official action by the tax collecting officer, the correctness of which the taxpayer has a right to rely. *Wheeler v. Board of Commissioners of Hennepin County*, 87 Minn. 243, 245, 91 N.W. 890, 890 (1902). When such a mistake of fact has been made the taxes may be recovered. *Id.*

CPA paid the taxes in 1978 and 1979 under the mistaken assumption that the Dakota County tax statements included the amounts owing for the land purchased by it from Oakland Properties. In 1983 the Dakota County Auditor's office informed CPA that it had mistakenly designated the entire parcel of land as belonging to CPA. Thus, CPA had paid the property taxes and special assessments for both its property and that owned by appellants. Under *Wheeler* such payments were not voluntarily made and CPA was therefore entitled to reimbursement.

## DECISION

The trial court's judgment on behalf of CPA is affirmed.

Affirmed.