STATE OF MINNESOTA ex rel. ROBERT C. RAY, Executor, v. ODIN HALDEN, County Auditor.[1]

Oct. 17, 1895.

Nos. 9455—(31).

Tax Sale—Notice of Expiration of Redemption.

A notice that the period for redemption from a tax sale will expire "sixty days after service of the notice in the manner prescribed by statute," *held* insufficient. Kenaston v. Great Northern R. Co., 59 Minn. 35, followed.

Same—Owner Unknown—Premises Vacant.

The statute requiring notice to be given of the time when the redemption period from a tax sale will expire (G. S. 1894, § 1654) applies, although the

[1] Reported in 64 N. W. 568.

name of the owner is stated in the assessment book as unknown, and there is no person in the actual possession of the premises.

## Same—Mandamus to County Auditor to Allow Redemption.

Notice to the unknown owner must be made by publication. Where, by reason of an ineffectual attempt to give the notice required by statute, the redemption period has not expired, mandamus will lie to compel the county auditor to allow a redemption, and execute a certificate of redemption.

## Same—G. S. 1894, § 1662, Extending Time to Redeem—Effect.

The sole effect of G. S. 1894, § 1662, is to extend the time of redemption from a tax sale from two years to four years where the owner dies before the expiration of the redemption period. It does not dispense with the giving of notices in such cases, or absolutely limit the redemption period to four years, although no notice has been given.

Petition in the district court for St. Louis county on the relation of Robert C. Ray, as executor of the will of James D. Ray, deceased, for a writ of mandamus commanding respondent, as auditor of said county, to execute certificates of redemption stating the amounts necessary to redeem certain lands belonging to the estate of the testator from a tax sale, held on May 5, 1890.

The following facts were admitted:  At the tax sale, there being no bidders, the lots were severally bid in for the state; subsequent thereto one Bohan paid the proper amounts and received the proper state assignment certificates, and on June 12, 1893, no redemption having been made, he presented such certificates to the county auditor, who thereupon made out notices of expiration of redemption.  All the lots were, at the time the notices of expiration of redemption were made, vacant and unoccupied.  Some of them were not assessed in the name of any person, and the notices relating to these lots were addressed to "unknown."  The other lots were assessed in the names of the persons to whom the notices were directed.  The notices were delivered to the sheriff who duly returned that the persons to whom they were addressed could not be found and that there was no person in actual possession; and thereafter the notices were properly served by publication and the returns of service were filed with the county auditor, more than a year prior to the time the relator sought to make redemption.  On October 12, 1893, more than sixty days after the return of service

was filed, Bohan paid all the unpaid taxes upon said lands, both the taxes which were delinquent and those which were not, but which had accrued subsequent to said assignments to him, and thereupon the county auditor made the proper indorsements upon said certificates, showing that all taxes were paid and that notices of redemption had been served, and thereupon, such assignment certificates were duly filed and recorded in the office of the register of deeds. Subsequently, Bohan conveyed by warranty deed an undivided one-half of all of said lots to one Jenswold, which deed was properly recorded. On October 6, 1894, relator made a demand upon the county auditor to make out the proper certificates, in order that relator might redeem said lands, and upon the auditor's refusal so to do this proceeding was instituted. Bohan and Jenswold were, by order of the court, given notice of the proceeding and filed their answer therein. Subsequently they sought to withdraw their appearance and answer, but this was denied by the court, since which time nothing was done in their behalf.

The case was submitted to the court, Moer, J., and in pursuance of his findings and order judgment was entered that a peremptory writ of mandamus issue, as prayed for, from which judgment respondent appealed. Affirmed.

*John Jenswold, Jr.*, for appellant.

*Billson, Congdon & Dickinson*, for respondent.

MITCHELL, J. 1. The notice of the expiration of the period of redemption was clearly insufficient, under the doctrine of Kenaston v. Great Northern R. Co., 59 Minn. 35, 60 N. W. 813. The notices in the two cases are not distinguishable on principle. The notice in the present case was that the time for redemption would expire "sixty days after service of this notice in the manner prescribed by section 37, c. 6, Gen. Laws Minn. 1877, and amendments thereto." This reference to the statute did not aid the notice. The words "in the manner," etc., refer, as their antecedent, to the words "service," etc., immediately preceding. The statute requires that the notice itself shall state when the redemption period will expire. It is not enough to refer to the statute on the subject.

2. The statute provides that the real-estate assessment book prepared by the county auditor shall show, among other things, "the

names of the owners, if to him known, and, if unknown, so stated opposite each tract or lot." G. S. 1894, § 1537. The statute relating to notice of the expiration of the redemption period provides for the preparing of "a notice to the person in whose name such lands are assessed"; also, "if the person named in such notice cannot be found in the county and there be any person in the actual possession of the land in such notice described, the same shall in like manner be served upon him," but "if there be no person in the actual possession of said land * * * the service of the said notice shall be made thereafter * * * by publication," etc. Id. § 1654.

In this case the land in question was not assessed in the name of any person, but the name of the owner was stated in the assessment book as unknown. Neither was there any person in the actual possession of the premises. The contention of the appellant is that no notice of the expiration of the period of redemption was necessary under the circumstances; that the statute requiring such notice is inapplicable to such a case, because there is no person to whom the notice could be addressed, or upon whom it could be served, and hence the requirements of the statute cannot be complied with. We do not concur in this view. In our opinion, the statute is just as applicable to cases where the owner of the land is stated to be unknown as where the property is assessed in the name of a known owner or supposed owner. Where the owner is stated to be unknown, of course the notice could not be addressed to any particular person by name. Whether, in such case, any investigation should be made to find the owner, or whether, without any such effort, service might be made on the person, if any, in the actual possession of the premises, we need not now consider. But at least where the owner cannot be found, and there is no one in actual possession, there is no reason why the notice may not be served by publication, where the name of the owner is unknown as well as where the land is assessed in the name of a known owner. If it is required to be addressed to any one, it can be addressed to the "unknown owner." We think the statute contemplates that this shall be done, and such, we think, is the construction which has been usually placed upon it by the bar. Any other construction would open wide the door for fraudulent and collusive practices

that would, to a great extent, nullify the beneficent object of the statute.

3. Mandamus to compel the county auditor to permit the relator to redeem and to execute certificates of redemption was a proper remedy.   The purpose of the proceedings is not to determine a question of title to the land (although incidentally it has that effect), but to compel the performance by the auditor of an act which the law specially enjoins as a duty resulting from his office, and to the performance of which the relator is entitled as an absolute legal right.

4. We think the appellant wholly misapprehends the meaning of G. S. 1894, § 1662.   The sole purpose of this statute was to extend the time for redemption from a tax sale from two years to four years where the owner died before the expiration of the period of redemption.   It was not designed to dispense with the giving of notices in such cases, or to absolutely limit the period of redemption to four years, notwithstanding that no notice had been given.

Judgment affirmed.