WILLIAM A. MATHER v. JOHN J. CURLEY.

January 11, 1899.

Nos. 11,286—(172).

**Tax Sale—Defective Notice of Expiration of Time for Redemption.**

A notice of expiration of redemption from a tax sale stated "that the time allowed by law for redemption from said sale will have expired after sixty days have elapsed after service of this notice has been made, and proof thereof, and of the sheriff's fees, has been filed in this [the county auditor's] office." *Held*, the notice does not comply with G. S. 1894, § 1654, and is void.

From an order of the district court for Hennepin county, Simpson, J., denying a new trial, plaintiff appealed. Affirmed.

*Benton & Molyneaux* and *S. A. Reed*, for appellant.

*A. T. Ankeny*, for respondent.

CANTY, J.

This is an action to determine adverse claims to real estate. The trial court found for defendant, and plaintiff appeals from an order denying a new trial.

The notice of expiration of redemption from the tax sale stated,

"That the time allowed by law for redemption from said sale will have expired after sixty days have elapsed after service of this notice has been made, and proof thereof, and of the sheriff's fees, has been filed in this [the county auditor's] office."

Respondent contends that this notice is void because it does not state when the time to redeem will expire, and, in our opinion, the point is well taken. The notice does not state that the time to redeem will expire at the end of the 60 days, but that it will have expired after the 60 days; that is, it will have expired some time after the end of the 60 days, but whether it is one day or one month or one year after, is not stated.

In State v. Nord, 73 Minn. 1, 75 N. W. 760, we held that a notice which states a longer time than the statutory period is void, as well as one which states a shorter time. See Peterson v. P. P. Mast & Co., 61 Minn. 118, 63 N. W. 168. But it seems to us that no

time at all is stated in this notice. It amounts to a statement that the time to redeem will not expire for at least 60 days. Then we are of the opinion that the notice is void.

It is true, as claimed by appellant, that the court below did not dispose of the case on this point. But it is, in our opinion, the most clear and satisfactory point on which to dispose of it. It was not, as appellant contends, necessary for defendant to appeal in order to raise this point. He is entitled to raise any point which shows conclusively that, on the findings of fact, he is entitled to judgment.

Order affirmed.