FRANK H. GAHRE v. HELEN G. BERRY.[1]

January 4, 1901.

Nos. 12,432—(154).

**Notice of Redemption from Tax Sale.**

A notice of redemption from a tax sale recited that "* * * the time allowed by law for redemption from said sale will have expired after sixty days have elapsed after service of this notice has been made, and proof thereof and of the sheriff's fees has been filed in this office. * * * " *Held* invalid, as not stating the time to redeem. Mather v. Curley, 75 Minn. 248, followed.

**Second Trial in Ejectment—Compensation for Improvements.**

Whether, at the second trial in ejectment proceedings, one making improvements while in possession under a judgment rendered in the first trial is entitled to compensation for said improvements, quære. But in this case the plaintiff was not entitled to compensation for improvements made while in possession, it not appearing whether the same were made prior to or subsequent to the entry of such judgment.

Action in the district court for Hennepin county to determine adverse claims to real estate. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of defendant, and that she was entitled to receive $319.50 as damages for detention of the premises. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

The notice of expiration of redemption, referred to in the opinion, so far as material, was as follows:

"You are hereby notified that, pursuant to tax judgment—entered in the district court, county of Hennepin, state of Minnesota, as above stated—the land herein above described, assessed in your name, was sold for tax as above stated, and that the time allowed by law for redemption from said sale will have expired after sixty days have elapsed after service of this notice has been made, and proof thereof and of the sheriff's fees has been filed in this office."

*M. H. Boutelle* and *N. H. Chase*, for appellant.
*Chas. G. Laybourn*, for respondent.

[1] Reported in 84 N. W. 733.

LEWIS, J.

Action to determine adverse claims. On a former appeal it was decided that the defendant was entitled to a second trial, under G. S. 1894, § 5845. There are two questions, only, calling for any notice on this appeal.

1. The plaintiff claims through a tax deed, and his title rests upon the validity of the notice of redemption from the tax sale. This notice is exactly like the one considered in the case of Mather v. Curley, 75 Minn. 248, 77 N. W. 957, and there held to be invalid because it did not state that the time to redeem would expire at the end of sixty days. Counsel for appellant have presented a very able argument in favor of the validity of the notice, and that it cannot be construed otherwise without doing violence to its language. This court has always applied the rule of strict construction in reference to redemption notices in tax proceedings, and although there is very strong ground for the position taken by appellant, and the decision referred to may seem to rest upon somewhat technical distinctions, such construction having been adopted by this court, and the decision having become a rule of property, it should stand as the settled law upon the subject.

2. Appellant claims that, having been in possession of the premises at the time judgment was entered in his favor on the previous trial, he is entitled to recover for improvements made by him, he being in possession under color of title. Without deciding what the effect of such a prior judgment might have been, were the improvements made after the entry of the judgment, the record does not disclose when such improvements were made, with reference to the entry of the judgment,—whether before or after.

Order affirmed.