STATE ex rel. SYLVESTER KIPP and Another v. WALTER PELTIER.[1]

May 9, 1902.

Nos. 12,985—(114).

**Redemption from Tax Sale.**

> To redeem from a sale made in May, 1900, under the forfeiture tax sale law of 1899, the owner is required to pay not only the amount for which the land was sold, but also the taxes delinquent for the years 1896, 1897, and 1898.

Alternative writ of mandamus issued out of the district court for Todd county on the relation of Sylvester Kipp and another, requiring defendant, as county auditor of said county, to issue and deliver to relators his official certificate of the amount required to redeem certain land from the forfeited tax sale of May, 1900. From an order, Searle, J., overruling a demurrer to the petition and writ, defendant appealed. Reversed.

*Geo. W. Peterson*, County Attorney, and *J. D. Jones*, for appellant.
*S. & O. Kipp*, for respondents.

LEWIS, J.

At the forfeited tax sale held in May, 1900, certain land belonging to the relators was sold for taxes becoming delinquent in 1897, and prior years, to W. Locke, who at once paid the delinquent taxes for 1896, 1897, and 1898. Thereafter, in October, 1901, the relators tendered to the county auditor the amount for which the

[1] Reported in 90 N. W. 375.

lands were sold at that sale, and demanded the official certificate
of redemption. The certificate was refused upon the ground that,
in order to redeem, the relators must also pay the delinquent taxes
for 1896, 1897, and 1898, whereupon the relators petitioned for a
writ of mandamus to compel the county auditor to execute the
certificate of redemption. To the petition and writ issued there-
under, the auditor demurred; and, the demurrer having been over-
ruled, appeal was taken to this court.

It was held in Cole v. Lamm, 81 Minn. 463, 84 N. W. 329, that a
sale made under the forfeiture tax sale law (Laws 1899, c. 322) did
not cut off the right of the owner to redeem, but that such privi-
lege continued until service of the notice of the expiration of
redemption, provided by G. S. 1894, §§ 1654, 1660. The theory of
that decision was that the land had been sold under judgments
for the taxes of 1895 and prior years, and that the law then in force
endowed the owner with the constitutional right of redemption,
which could not be taken away by an absolute sale under the
forfeiture act; that while the sale under the forfeiture law was
valid, conveying the title of the owner to the purchaser, it was
subject to the right of redemption. There was not involved in
that case the question of how the owner should redeem, or what
amount was necessary to redeem. Relators insist that the effect
of the decision was to read into the forfeiture law of 1899 the
provisions of G. S. 1894, § 1602, with reference to redemption,—
particularly the third subdivision, which reads as follows:

"If the same shall have been sold to a purchaser, the amount
paid by such purchaser, with interest; and, if he shall have paid
any subsequent delinquent taxes, penalties, costs, or interest accru-
ing subsequent to the sale, the amount so paid by him, with
interest from the day of paying the same, and all unpaid delinquent
taxes, interest, costs and penalties accruing subsequent to such
sale."

And that, so construed, the sale referred to was the forfeiture
sale which took place in May, 1900; hence the taxes which were
levied for the years 1896, 1897, and 1898 did not become delinquent
subsequent to that sale, and, having become delinquent prior

thereto, they should not be included in the amount necessary to redeem.

It is evident that the sale indicated in the third subdivision of section 1602 does not refer to any other than the annual tax sale. The statute was not drawn with reference to, and has no application to, any special law or any future prospective legislation; and the inference is unwarranted that the court, in the decision of Cole v. Lamm, read into the forfeiture law of 1899 the third subdivision of section 1602, so that it would read, technically, to mean "forfeited sale," instead of the usual annual sale. The sales that relators were required to redeem from were in fact the annual sales made in 1897 and previously for the taxes of 1895 and prior years, and the fact that the amount of the taxes for those various years was merged into one new judgment under the forfeiture act of 1899 did not change the law already existing as to the right of redemption. It was the purpose of the redemption statute (section 1602) to provide that an owner desiring to redeem should pay all delinquent taxes accumulating upon levies which were made subsequent to the levy embraced in the sale redeemed from. The words used in the third subdivision, "subsequent to such sale," are not significant, because all levies made after the one embraced within the sale redeemed from could become delinquent only subsequent to such sale. The purpose of the provision was to require from the owner redeeming the payment of all delinquent taxes accruing upon levies subsequent to the levy embraced within the sale redeemed from. The language "subsequent to such sale" cannot be given any wider scope when considered with reference to the forfeiture act and the decisions in Cole v. Lamm. Surely there was no intention to confer upon the owner, by that act, any greater privileges than were granted by the General Statutes.

Order reversed.