STATE ex rel. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD
v. HUGH R. SCOTT and Another.[1]

May 20, 1904.

Nos. 13,844—(116).

**Redemption from Tax Sale.**

The requirement of section 1654, G. S. 1894, that the amount for which land is sold on a tax sale shall be stated in the auditor's notice of expiration of redemption, is mandatory, and must be strictly construed to protect the rights of the redemptioner. State v. Nord, 73 Minn. 1, applied and followed.

**Notice.**

Where such notice states a substantially smaller sum than the amount of the tax judgment, though the error is apparently for the benefit of the redemptioner, it is of no avail to enforce forfeiture of his interest in the property.

Alternative writ of mandamus issued from the district court for Hennepin county directed to Hugh R. Scott as auditor and David C. Bell as treasurer of that county, requiring them, respectively, to certify and accept the amount necessary to effect a redemption of certain land from a tax sale. Frank E. Byers, as holder of the certificate of sale, intervened. The case was tried before Harrison, J., who made findings of fact and as conclusion of law found that relator was entitled to a peremptory writ. From a judgment entered pursuant to the findings, intervenor appealed. Affirmed.

*John F. Byers,* for appellant.

*Oppenheim & Hunt,* for respondent.

[1] Reported in 99 N. W. 799.

LOVELY, J.

This appeal is from a judgment for mandamus to the auditor and treasurer of Hennepin county, directing the former to deliver relator his official certificate stating the true amount necessary to be paid to make redemption from a tax judgment on an improved city lot in Minneapolis, and to the latter requiring that officer to accept and receive such sum when tendered for that purpose.

The jurisdiction of the court to grant this relief is questioned, but in sustaining relator's claim we need take no further time than to refer to the cases in this court which have either sustained or recognized this means of relief as appropriate. State v. Halden, 62 Minn. 246, 64 N. W. 568; State v. Nord, 73 Minn. 1, 75 N. W. 760; State v. Peltier, 86 Minn. 181, 90 N. W. 375.

The facts found by the trial court disclose that relator held a mortgage on the property for $3,000. The owners in possession neglected to pay the taxes, there was a valid sale therefor, and judgment duly entered for $38.95 on March 21, 1900. At the sale in May following, owing to competition among bidders, the property was struck off to C. W. Chase for $50, or $11.05 more than the judgment. The owners made no redemption. Appellant Byers succeeded to the rights of the purchaser, and intervened. At the proper time, on the request of intervenor, a notice of expiration of redemption under section 1654, G. S. 1894, was furnished by the auditor, and duly served on the owners.

The sufficiency of this notice presents the only question which it is necessary to consider on this appeal. The material portion reads as follows:

The above described piece or parcel of land was sold for the sum of $50, that the amount for which the same was adjudged to be sold in the above described tax judgment was the sum of $38.95, and that the records of my office show the purchaser of the same at said sale paid the sum of $11.05 in addition to the said sum of $38.95 and that the said sum of $11.05 will be used to reduce the amount required to redeem said piece or parcel of land from said sale, and that the total amount required to redeem said piece or parcel of land from said sale, exclusive of the costs to accrue upon this notice, is the sum of $50 and interest on the

sum of $38.95 at the rate of 12 per cent. per annum from the said 8th day of May, 1900, to the day such redemption is made, subject however to the reduction in the sum of $11.05 as aforesaid, making the net amount required to redeem the sum of $38.95 and interest as aforesaid.

The only inference to be drawn from this involved statement is that the owner of the property may redeem for less than the full amount for which the land was bid in at the sale, and which was evidently so stated to recognize and effectuate a custom, which had been adopted by the auditor and treasurer, of returning to the purchaser the excess between the judgment and the amount for the owner's benefit, whereby the person having the right to redeem was to be credited with $11.05 on the judgment less than the amount which the state should receive. This result arises from the inclusion by the auditor of unnecessary and confusing inferences, which would have been obviated had he strictly complied with the law and stated therein the amount paid at the sale. Under the statute in force when the land was sold, the owners were required to pay the amount bid by the purchaser at the sale, and interest thereon; hence this was the amount which should have been clearly stated by the auditor in the expiration notice provided for. G. S. 1894, § 1602, subd. 3.

In determining the effect of the expiration notice in the enforcement of the rights of the party seeking, under a tax judgment, to cut off the redemptioner's interest, we have heretofore adopted the rule of strict construction, holding that every substantial requirement in section 1654, G. S. 1894, is mandatory, and must be complied with in order to enforce the forfeiture which follows from the neglect of the interested party to make his redemption within the time prescribed. State v. Nord, 73 Minn. 1, 75 N. W. 760, which has been followed and applied in Kipp v. Robinson, 75 Minn. 1, 77 N. W. 414; Mather v. Curley, 75 Minn. 248, 77 N. W. 957; Gahre v. Berry, 82 Minn. 200, 84 N. W. 733. It was stated in a still later case that "the giving of the notice is the last act whereby, if there be no redemption, the title of the owner is transferred from him to the tax-title purchaser; and it must be given in strict compliance with the statute, or it does not bar the landowner's

right of redemption." Walker v. Martin, 87 Minn. 489, 92 N. W. 336.

In applying the rule we have thus adopted, it is clear that the notice of redemption in this instance was defective. The amount which the redemptioner would have to pay was less than that prescribed by law, and it is claimed that this was to his advantage, and he should not therefore be heard to complain; but the course prescribed by statute must be followed, for the auditor has no authority to disregard its terms, or adopt, in furnishing the notice, a statement not sanctioned thereby, involving considerations which arise in the settlement between the public officials and the purchaser of the judgment, as well as loss to the state. To secure the benefit of the forfeiture, the holder of the judgment should have seen to it that the statute was technically followed. The notice in this case not being in compliance with law, the mortgagee was entitled to redeem any time before legal notice had been served.

It has been urged that the provision in section 1602, supra, that if the amount to be paid for the purpose of redemption be less than that required by law it shall not invalidate the redemption, and the auditor shall be liable for the deficiency, practically dispenses with the necessity of the rule of strict construction, so far as requiring a substantially accurate statement of the amount to redeem is concerned. Intervenor relies upon the decision of Forrest v. Henry, 33 Minn. 434, 23 N. W. 848, to support this contention, but we cannot adopt this view. The information of the amount required from the auditor before the owner will lose his land is solely within that official's accurate knowledge, since he has custody of the records. The purpose of the statute to furnish it to secure the amount due the state is obvious, and the necessity for exact precision is more than a formal requirement. In Forrest v. Henry, supra, the effect of the notice to redeem was not involved. There the landowner sought to redeem, and obtained a statement from the auditor, which omitted the taxes for two years. Acting upon such information, by which he was misled, the owner paid the sum named in the auditor's statement, supposing the same to be all that was due. His land was afterwards sold for the omitted taxes, and the provisions of the statute referred to might well be invoked for his protection; and, in holding that the owner might rely upon the statement by the

auditor to avoid the effects of a subsequent sale, we followed liberal rather than strict rules of construction to protect against a forfeiture. In this case no redemption was attempted, and neither the provisions of the statute invoked by respondent, nor the decision in Forrest v. Henry, supra, can be relied upon to divest the owner or interested party of his property.

Judgment affirmed.