STATE v. ATWOOD LUMBER COMPANY.[1]

December 8, 1905.

Nos. 14,657—(223).

**Taxes—Assessment of Realty.**

Real property is required by the statutes of this state to be assessed for taxation on even-numbered years only, the assessment for the succeeding year being based upon the valuation given the property the prior year.

**Removal of Timber.**

To render available as a defense in proceedings to obtain judgment for the taxes for the succeeding year the claim that the valuation of the property for that year was unfair and unequal by reason of the fact that subsequent to the original assessment and prior to May 1 of the following year a large body of timber standing on the land had been cut and removed, thereby greatly reducing the value of the land, it must appear, the original assessment being fair and in accordance with the true value of the land, that the facts showing the reduction in its value were presented to the board of equalization and an application made to those officials for a readjustment of the assessment.

**Board of Equalization.**

The officers referred to would have the power and it would be their duty to hear and act upon such application.

**Fraudulent Assessment.**

Whether, in a case where the original assessment of real property was fraudulently made in excess of the true value of the land, the property owner would be required, as a condition precedent to the right to interpose such a defense, to apply to the board of equalization for a reduction of his assessment, quære.

In proceedings to enforce payment of delinquent real estate taxes in Pine county for the year 1903, defendant Atwood Lumber Company interposed objections. The issues thus raised were tried before Crosby, Jr., who made findings of fact, and as conclusion of law found that the objections should be overruled and judgment entered for the amount of the tax with penalties and costs. Thereupon the case was certified to the supreme court for review, pursuant to G. S. 1894, § 1589. Affirmed.

[1] Reported in 105 N. W. 276.

*Clapp & Macartney,* for appellant.

The tax is so excessive, partial, unjust and unfair that there could be no question of its invalidity if the tax in question was that of an even-numbered year. There is nothing in the general tax law construed in the light of the constitution which imparts validity to the tax because it happens to be that of an odd-numbered year; or if there is,. then the tax law is, so far, unconstitutional.

A tax based upon a valuation seven times its actual value is not a tax levied upon "real" property "according to its real value in money,"' nor is a tax which is from nine to sixteen times the amount levied against all other like property of the same value in the same district "as nearly equal as may be"; nor has that tax been levied on property whose cash valuation has been equalized and made uniform with other property of its kind, as prescribed by Const. art. 9, §§ 1 and 3, and G.. S. 1894, § 1514. Board of Commrs. of Rice County v. Citizens' Nat. Bank, 23 Minn. 280; County of Otter Tail v. Batchelder, 47 Minn. 512;. State v. Wm. Deering & Co., 56 Minn. 24; State v. London & N. W. Mort. Co., 80 Minn. 277.

Application to the county board of equalization for a reduction of the assessment was not our only remedy. The assessed valuation of our lands in 1903 was grossly in excess of the assessed valuation of all other lands of that character in the same taxing district. Our case falls precisely within the definition of the case stated in both State v. Lakeside Land Co., 71 Minn. 283, and State v. West Duluth Land Co., 75 Minn. 456.

It is not required that, before an objector can avail himself of his. defenses under section 1588, he must first have applied to the county board for a reduction. There is no decision of this state to that effect nor intimation in any opinion that such a course is necessary. This court has certainly understood that the two remedies—application to· the county board and a defense interposed in this proceeding—are concurrent and distinct. State v. Wm. Deering & Co., supra; Jaggard, Taxation, (Minn.) 235. It was not necessary to show any omission of duty by any taxing officers. County of Otter Tail v. Batchelder, supra.· When a taxpayer shows that his land is taxed on a valuation grossly in excess of its true value, and grossly in excess of the valuation put.

on other lands in the same district, he need not point out any specific omission.

If the county board has authority to reduce the assessment it is by virtue of G. S. 1894, § 1552. If that section confers authority, it also indubitably imposes a duty. It was the positive duty of the board to correct the assessment of objector's lands, no matter from what source the over-assessment arose. A failure to perform that duty is no more or less of an omission because the taxpayer does or does not demand the performance of the duty.

*Edward T. Young,* Attorney General, and *Michael B. Hurley,* County Attorney, for the State.

BROWN, J.

In proceedings to obtain judgment for delinquent taxes in the county of Pine for the year 1903, the defendant lumber company interposed the defense that its property was unfairly and unequally assessed. After trial in the court below the defense was held not established, and judgment was ordered for the tax in accordance with the assessment of the property as it appeared upon the tax list, whereupon the case was certified to this court to determine whether the defense was available to defendant; no application having been made to the board of equalization to correct the assessment.

The facts as developed on the trial below disclosed that in May, 1902, the land in question was listed for taxation and assessed at $43 per acre. There is no claim that this assessment was unfair or unequal or in excess of the then value of the land, and the tax levied pursuant to it was subsequently paid by defendant. In May, 1903, the land was again entered upon the tax list at the same valuation, pursuant to the statutes, which provide that real property shall be assessed in even-numbered years only. The tax for that year was not paid by defendant, but, when proceedings reached the district court on application for judgment, defendant interposed the defense now relied upon. It appears, further, that at the time the land was originally assessed in 1902 it was covered by a heavy growth of pine timber, and that subsequent to that assessment and prior to May 1, 1903, the same had been entirely cut and removed, so that on the latter date the land did not exceed in value the sum of $6. There is nothing in the record tending

to show that the officers having charge of the levy and assessment of taxes had any notice prior to May 1, 1903, of the fact of the removal of the timber, or that the land had been by reason thereof diminished in value. No application was made to the county board of equalization or the state auditor for a readjustment of the assessment, and attention was first called to the facts constituting the defense when the answer was presented in this proceeding. The question presented is whether the facts stated constitute a defense.

Section 1588, G. S. 1894, in reference to defenses in proceedings of this kind, provides that if all provisions of the law relating to the assessment and levy of taxes have been complied with, of which the list filed with the clerk shall be prima facie evidence, judgment shall be entered for the taxes disclosed by that list, together with penalties and costs, and that no omission of any of the things by law provided in relation to the assessment and levy of taxes, or of anything required by the officer or officers to be done prior to filing the list with the clerk of the district court, shall be a defense or objection to the taxes, unless it is also made to appear that such omission resulted to the prejudice of the party objecting and that the taxes were partial, or unfairly or unequally assessed. In such case, but in no other, the court is authorized to reduce the amount of tax to correspond with the facts and give judgment accordingly.

The precise question here presented has never before been presented to this court, and its determination depends very largely upon the construction of the statute, the substance of which we have just stated. In the case of County of Otter Tail v. Batchelder, 47 Minn. 512, 50 N. W. 536, the court held that in proceedings for the recovery of a tax judgment it might be shown, for the purpose of reducing the tax charged against the land, that the statutory requirement of equality of assessment had been intentionally disregarded, or that by reason of some perfectly obvious mistake there had been no real assessment upon any rule of equality, even though it did not appear that the taxing officers had failed in any respect in the performance of their duties. It appeared in that case that the lands there involved were unimproved, situated remote from public highways, and the highest cash value of any of them did not exceed $2.70 per acre; that the average cash value of lands in the whole township in which the particular land was located

did not exceed $4.44 per acre; and that the land in question, of the
value of $2.70, was fraudulently assessed at $4.07 per acre, while other
lands were assessed at less than one-half their value.  Evidence tend-
ing to prove these facts was excluded by the trial court, and on appeal
the ruling was held error, and that the facts stated constituted a defense.
It appeared, however, that prior to the time of interposing the defense
the defendant therein appeared before the board of equalization and
requested a readjustment of the taxes on a basis of equality.

Reliance is had upon that decision to sustain the defense in the case
at bar, but the cases are essentially different.  Here no application was
made to the board of equalization for a readjustment of the taxes.  The
officers of the county were not informed of the removal of the timber
which reduced the value of the lands, and the record fails to disclose
any obvious mistake in the assessment or any fraudulent overvaluation.
It is admitted that the original assessment against the lands in question
was fair and in accordance with their true value, which valuation the
officers were required, in the absence of some reason made known to
them which would justify a reduction, to adopt as a basis for the taxes
of 1903.  To render available the defense that the assessment was un-
equal and unfair for the year 1903, by reason of the diminished value of
the land, application should have been made to the county board of
equalization for a readjustment of the same.  If such application had
been made, it would, on the facts stated, have been the clear duty of the
board, or perhaps the state auditor under the provisions of section 1652,
G. S. 1894, to reduce the assessment to correspond with the facts.

It was held in the case of State v. Lakeside Land Co., 71 Minn. 283,
73 N. W. 970, that matters of this sort can all be corrected by an ap-
plication to the board of equalization so as to produce entire equality
among the several taxpayers, and that it must be presumed that such
board would do its duty and correct any and all omissions or under-
valuations which might be brought to their attention.  In the absence
of fraud, or demonstrable mistake, the acts and proceedings of the tax-
ing officers prior to the application for judgment conclude the taxpay-
er, and in a case like that at bar, where the officers fully complied with
all statutory requirements and there is no fraud on their part, their
action must, in the absence of some sort of an application to them for
redress, be held final by the courts.  As said in the Batchelder case (page

516): "Ordinarily the citizen is concluded by the action of the officers upon whom the duty of assessment rests, if they act in conformity with the statute; and, notwithstanding the peculiar features of our tax law, providing for the rendition of a judgment in the tax proceedings, and giving the right to defend before the property owner is concluded by such judgment, it must still be considered that under ordinary circumstances the assessment value as determined by the assessor and the proper board of equalization is final. It cannot have been the purpose of the law that the honest exercise of their judgment, unaffected by any extraordinary mistake, should be subject to review and reversal by the courts, or that a trial in court should be allowed in the case of every property owner who might consider that the taxing officers had erred in their estimate of the value of his property."

It follows, therefore, as a necessary result, that the remedy of a taxpayer in a case like this is by application to the board of equalization for relief. If it is denied by that body, then under the rule of the Batchelder case, the defense provided for by G. S. 1894, § 1588, would be available. For the reason that relief was not thus invoked, we are of opinion that the defense was properly overruled by the trial court. This view is sustained by the case of State v. West Duluth Land Co., 75 Minn. 456, 78 N. W. 115, though the precise question here before the court was not there involved, and by the authorities generally. Jaggard, Taxation (Minn.) 235; Jaggard, Taxation (Iowa) 394; Clarke v. County of Stearns, 47 Minn. 552, 50 N. W. 615; Burlington v. Board, 10 Neb. 211, 4 N. W. 1016; Crecelius v. City, (Ky.) 49 S. W. 547. Any other view would result in substituting the court for the board of equalization and cast upon it the duties of that body in all cases where complaints of unequal taxation are made.

We do not wish, however, to be understood as holding that in a case where an original assessment is fraudulently made, largely in excess of the real value of property, which fact was unknown to the taxpayer until application for judgment was made, he would be remediless. Such, however, is not the case at bar. The original assessment here under consideration is conceded to have been in accordance with the true value of the land, and the facts occurring subsequently which reduced its value were not called to the attention of the proper officers. Those facts were within the knowledge of defendant and should have been

made known. It is not the duty of the officers to make investigation into the condition of real property entered on the tax rolls in an odd-numbered year in accordance with a previous assessment and valuation for the purpose of ascertaining whether the value has remained the same.

Affirmed.