LEONARD BERG v. RACHEL E. VAN NEST.[1]

January 26, 1906.

Nos. 14,549—(181).

**Notice of Expiration of Redemption.**

Lands assessed to "A. et al." are in legal effect assessed to A. and other parties unknown. When the sheriff receives a notice of expiration of redemption from a tax sale in which the lands appear to be assessed to "A. et al.," he is not required to investigate the records and ascertain the name of the true owner of the lands. If the lands are vacant and unoccupied, he may serve the notice upon such unknown owners by publication. He has no duties to perform other than those prescribed by the statute.

Action in the district court for Hennepin county to determine the adverse claims of defendant to certain vacant and unoccupied land. The case was tried before John Day Smith, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed and judgment ordered for plaintiff.

*Harry S. Swensen,* for appellant.

*L. L. Longbrake,* for respondent.

ELLIOTT, J.

Certain lands devised by the will of Robert Blaisdell were in 1888 assigned by the probate court to John T. Blaisdell, Rachel E. Van Nest, and others. In the following year these lands were platted by the owners as "Robert Blaisdell's Addition to Minneapolis," and upon the presentation of the plat to the county auditor, all the lots embraced in the addition were entered upon the grand list in the name of "Jno. T. Blaisdell et al." and thereafter the lots were always assessed under that name. The three lots involved in this action belong to Rachel E. Van Nest, unless her title has been divested by certain proceedings to enforce the payment of taxes thereon for the year 1892. The lots were sold on May 24, 1900, under a tax judgment rendered pursuant to chapter 322, p. 410, Laws 1899. On January 16, 1892, upon the pres-

[1] Reported in 106 N. W. 255.

·entation of the certificates to the county auditor, he issued a notice of expiration of redemption addressed to "Jno. T. Blaisdell et al." as the person or persons in whose name or names the lots were assessed. The notices of redemption were delivered to the coroner, then acting for the sheriff of Hennepin county, who in due time returned them with the indorsement that the said Jno. T. Blaisdell et al. could not be found in the county, and further certified that the lots were vacant and un-·occupied. The auditor thereupon caused the notices to be published, and proof thereof was made and filed in the manner prescribed by the statutes. No redemption was made, and in an action by the holder ·of the tax title to determine adverse claims the district court ordered judgment in favor of the defendant Van Nest. The record presents but one question: Was the notice of redemption properly served?

The defendant Van Nest was at the time of the publication of the notice a resident of Hennepin county, and it is claimed that it was in-·cumbent on the sheriff to ascertain the name of the owner and to serve the notice of redemption upon her personally. We think this would impose an entirely unreasonable and impracticable burden upon the ·sheriff, and one not imposed by the statute. It was never intended that the sheriff should examine the titles and determine the actual ·ownership of all the lands which are sold for taxes. All the statute requires is that he shall serve the notice of redemption upon the person ·or persons named therein, if any, or upon unknown owners by publica-·tion. The proceedings are against the land and not against the owner. The auditor is required to prepare a list of all lands and lots subject to taxation, showing the names of the owners, if known to him, and, if unknown, the fact must be stated. He is not required to make in-·quiry as to the name of the actual owner. In McQuade v. Jaffray, 47 Minn. 327, 50 N. W. 234, it was said: "The statute nowhere makes it the duty of assessors or county auditors·to search the records with a view of ascertaining the names of the real owners. Such a search would impose upon them an impossible labor, and, even if it were possible to perform it, it would often still remain a doubtful question of law who was the real owner." This statement applies with equal force to the claim that the sheriff should make an investigation for the pur-

pose of learning the name of the real owner of lands described in notices of redemption.

The statute expressly prescribes the manner in which the sheriff shall proceed. The notice is directed to the person in whose name the land is assessed. The sheriff must serve the notice upon this party in the manner prescribed for the service of a summons in a civil action in the district court. If the person named in the notice cannot be found in the county, the notice must be served upon the person in actual possession of the land, if any. If the land is vacant and unoccupied, of which the sheriff's return is made prima facie evidence, the service must be made by publication. The statute does not require the sheriff to go back of the notice which is delivered to him.

In this case the land in question was vacant and unoccupied. It was assessed to "Jno. T. Blaisdell et al.," which meant to Jno. T. Blaisdell and others whose names are unknown. It thereupon became the duty of the sheriff to serve the notices upon the unknown owners by publication, and this is what was done. The record shows that the requirements of the statute were literally complied with, and the owner cannot require more than this. State v. Halden, 62 Minn. 246, 64 N. W. 568.

In Western Land Association v. McComber, 41 Minn. 20, 42 N. W. 543, it appeared that the service was made as required by the statute upon the person in whose name the lands were assessed, although this was not the true owner. In answer to the claim that the notice should have been served upon the owner, the court said: "A complete answer to this position of the plaintiff is that this was a purely statutory proceeding, and that the prescribed requirements of the statute were in this respect exactly complied with. * * * It was solely for the legislature to determine the mode of service which in its judgment might be best calculated in general to convey information to those interested. * * * The answer to the whole argument of the plaintiff upon this point is that the legislature, deeming that service upon 'the person in whose name such lands are assessed' was best calculated in general to accomplish the purposes intended, has prescribed that mode of giving notice."

There was no defect in the proceedings, and judgment should there-

fore have been ordered in favor of the plaintiff, instead of the defendant.

The judgment appealed from is reversed, with directions to enter judgment for the plaintiff.