ANGELICA LAWTON v. JOHN A. BARKER.[1]

July 17, 1908.

Nos. 15,498—(18).

**Tax Sale—Rights of Parties.**

The general rule that the rights of parties in tax proceedings are governed and controlled by the law in force at the time of the tax sale followed and applied.

**Notice of Expiration of Redemption.**

The form of notice of expiration of redemption prescribed by section 47, c. 2, Laws 1902, must in all substantial respects be followed.

**Notice Void.**

A notice which omitted to state (1) the year in which the taxes upon which the sale was founded were delinquent and (2) the rate of interest necessary to be paid upon the amount required to redeem, the same being contained in the statutory form, *held* void.

Action in the district court for Ramsey county to recover possession of certain lots. The action was tried and resulted in a judgment in favor of plaintiff as to some of the property and in favor of defendant as to other, and defendant demanded a second trial under the statute in such case provided. The action was again tried before Orr, J., who found that defendant was entitled to the property; that plaintiff's only interest in the real estate was a lien for the amount of taxes paid thereon and that defendant had a right to redeem the property from the lien. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Lloyd Peabody,* for appellant.

*Frederick N. Dickson,* for respondent.

BROWN, J.

Action in ejectment for the recovery of certain real property, in which defendant had judgment, and plaintiff appealed.

The facts are not in dispute. Defendant is conceded to be the owner of the property, unless his title was divested by certain tax proceedings upon which plaintiff founds her claim of ownership. Those

[1] Reported in 117 N. W. 249.

proceedings were had to enforce payment of taxes upon the property for the year 1900, and, though duly commenced long prior to the passage of chapter 2, p. 1, Laws 1902, culminated in a judgment and sale of the lands after that act went into effect. The act was approved March 12, 1902, and the sale under which plaintiff claims title occurred the following May. All proceedings leading up to the sale were regular and in compliance with the statutes, and if the notices of expiration of redemption caused to be given by her were sufficient she is the owner of the property, and defendant has no interest therein; for no redemption was made within the time prescribed by law. The trial court held that the notices were insufficient, and not in compliance with the act of 1902, and awarded judgment to defendant. So the only question for consideration is whether the court was right in that conclusion.

1. The preliminary question whether the validity of the notices should be tested by the act of 1902, or by the provisions of the statutes existing at the time of and prior to that year, requires nothing further than a reference to the general rule that the rights of parties under tax sales and the proceedings necessary to perfect title by proper notice of expiration of redemption are governed entirely by the statutes in force at the time of the sale, and not by those existing during the pendency of the proceedings and superseded before the sale by a new statute. Kipp v. Johnson, 73 Minn. 35, 75 N. W. 736; Comstock, Ferre & Co. v. Devlin, 99 Minn. 68, 108 N. W. 888; State v. Foley, 30 Minn. 350, 15 N. W. 375; Phelps v. Powers, 90 Minn. 441, 97 N. W. 136. The case of Stein v. Hanson, 99 Minn. 387, 109 N. W. 821, is not in conflict with the cases cited, and there was no intention in that case to depart from the rule referred to. The tax sale there before the court occurred prior to the passage of the act of 1902.

2. It follows that the provisions of section 47, c. 2, p. 26, Laws 1902, apply to the case at bar, and by its requirements we are to determine whether the notices of expiration of redemption relied upon by plaintiff are sufficient. Several tracts of land are involved, and separate notices were given as to each tract. The statute referred to provides in general terms what such notices shall contain, embodying substantially the provisions of the prior statutes. In addition, a feature not a part of the old statute, a form of notice is prescribed for use in such

cases, coupled with the express declaration that any notice given under the statute shall be sufficient if substantially in accordance with the form so prescribed. The form of notice contains all the information required by the enacting clause of the statute, and other not specifically required to be embodied therein.

It is the contention of defendant in this case that the notices here involved are void, because not in the form prescribed in the following particulars, viz., that they do not state that the land is assessed in the name of the person to whom they are directed, nor the year in which the taxes upon which the sale was based were delinquent, nor that the certificate of sale was presented to the auditor by the holder thereof at the time the notices were issued, nor specify the rate of interest necessary to be paid on the amount required to redeem. These matters are all found in the form prescribed by the statute, and their absence from those given in the case at bar is claimed to be fatal to their validity. The form here used was evidently prepared under the general statutes as they existed prior to the passage of the act of 1902 and was adopted by the auditor as covering the essentials of the prescribed form. While there are authorities holding that an act of the legislature prescribing forms of process in legal procedure is mandatory, and that the form must in all cases be used (20 Enc. Pl. & Pr. 1115), such is not the rule in this state, even as to forms in tax proceedings. Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736. If the form prescribed be substantially followed, it is sufficient under our decisions. In fact, that is all the statute under consideration requires. We have only to determine, therefore, whether the omission from the notices before us of the facts already referred to is fatal to their validity.

The form was made a part of the statute, and, though the elements thereof are not all required by the enacting clause of the statute to be incorporated therein, it must be held that the legislature intended, by appending the form, to require that all material information which the facts therein stated would communicate should be incorporated in any notice given to foreclose the right of redemption. Of the four defects we have referred to in the notices in question, two at least constitute a substantial departure from the prescribed form. The statutory form contains a statement of the year in which the taxes made the basis of the sale were delinquent, and also a statement of the rate

of interest on the amount required to redeem. The notices in question do not contain this information, substantially or otherwise. That the legislature intended these facts to be stated for the guidance of the owner of the property seems reasonably clear, and the omission thereof from the notices involved in this case was a failure substantially to follow the prescribed statutory form.

The uniform trend of our decisions upon the sufficiency of notices of this kind has been to require a strict compliance with the statutes. Defects which, on their face, might seem of no vital consequence, have been held fatal. It is the last or final step in proceedings to take property from the owner in payment of taxes, and by which his title is wholly divested, and we have, in line with the courts generally, held parties to strict and accurate procedure. State v. Scott, 92 Minn. 210, 99 N. W. 799; State v. Nord, 73 Minn. 1, 75 N. W. 760, 72 Am. St. 594; Mather v. Curley, 75 Minn. 248, 77 N. W. 957, 74 Am. St. 462; Kipp v. Robinson, 75 Minn. 1, 77 N. W. 414; Gahre v. Berry, 82 Minn. 200, 84 N. W. 733. The rule applied has not proceeded on the theory of a prejudice to the substantial rights of the owner of the land, but rather upon the theory of strict compliance with the statutory requirements.

In Kipp v. Robinson, supra, the notice of expiration of redemption fixed the time for redemption at ninety days, instead of sixty, as required by statute, and was held void, even though the notice gave the owner a longer time to redeem than he was entitled to under the statute. Other cases cited illustrate the strict rule adhered to in reference to notices of this kind, and, following them, we hold in the case at bar that the notices in question are defective in the particulars pointed out, viz., in not including a statement of the year in which the taxes were delinquent and also the rate of interest upon the amount required to redeem.

Judgment affirmed.