## STATE EX REL. BERT N. HENDRICKSON v. C. A. STROM AND ANOTHER.[1]

October 23, 1936.

No. 31,008.

*Robert Beach Henton,* for appellant (relator below).
*Russell L. Frazee,* for respondents.

STONE, JUSTICE.

Relator appeals from an order quashing an alternative writ of *mandamus.*

March 1, 1935, petitioner purchased a dwelling which immediately became and has since remained his homestead. It was not a homestead in the hands of his vendor. Its assessed value is $2,750. As non-homestead property it was assessed under class 4 as defined by L. 1933, c. 359, 3 Mason Minn. St. 1934 Supp. §§ 1993, 1993-1, at 40 per cent of its "full and true value." As a homestead it went into class 3c under the same statute and became taxable at only 25 per cent of its full and true value.

Respondents Strom and O'Connor are respectively the auditor and treasurer of Renville county, wherein the property is situated. The

[1]Reported in 269 N. W. 371.

*mandamus* wanted was to compel them to reclassify the property so as to reflect the change which took place in its use when it became relator's homestead.

First, it may be observed that the county treasurer is under no obligation to make any such change upon the mere demand of the, taxpayer after the tax books are turned over to him for collection. Neither under the circumstances of this case was the auditor shown to be under any duty. The record does not make it clear when the demand for such action was made upon him.

With us, real estate is assessed only in the even-numbered years. Provision is made by statute for the correction of the assessment in the odd-numbered years to reflect certain changes. 1 Mason Minn. St. 1927, § 1994. Transition from homestead to non-homestead or the reverse is not among them.

We assume that the classification set up by L. 1933, c. 359, 3 Mason Minn. St. 1934 Supp. §§ 1993, 1993-1, entitled relator to have his property reassessed, even in the odd-numbered year of 1935, as of its then homestead status, if he had made a proper and timely demand upon the assessor, local board of review (1 Mason Minn. St. 1927, § 2034), or the county board of equalization (*Id.* § 2049), with the showing necessary to warrant the change. But the statute is not self-executing. Its working is left to the taxing officials, beginning with the assessor. They are not charged with constructive notice and cannot be assumed to have had actual notice of the change which took place when relator purchased his new home. In the absence of actual notice and a demand by relator upon the assessor, the local board of review, or the county board to have the property reclassified, we cannot hold that there was any absolute duty upon the auditor to make the change. In the absence of such a duty, *mandamus* does not lie. State ex rel. Evens v. City of Duluth, 195 Minn. 563, 262 N. W. 681, 263 N. W. 912, 266 N. W. 736.

The case is ruled by State v. Atwood Lbr. Co. 96 Minn. 392, 105 N. W. 276, where it was held that an assessment of timber land in the even-numbered year, being unassailable when made, the owner was not entitled to a decrease for the succeeding odd-numbered year

where the facts showing the reduction in value (the timber had been cut) before May 1 of the odd-numbered year had not been presented to the county board of equalization with an application for a reduction of the assessment.

The order under review is affirmed.