## FARMERS & MERCHANTS BANK OF COCHRANE, WISCONSIN, v. LEO J. BILLSTEIN AND ANOTHER.[1]

December 30, 1938.

No. 31,892.

*Frederick J. Miller*, for appellant.
*Austin L. Grimes*, County Attorney, for respondents.

HOLT, JUSTICE.

Plaintiff appeals from the judgment quashing the writ of *mandamus* issued and duly served on the ground that *mandamus* is not the proper remedy.

The action is in *mandamus* to compel the county auditor of Morrison county, this state, to issue certificates stating the amount required to redeem certain lands of plaintiff from tax sales, and commanding the treasurer to receive such money and issue the proper certificate of redemption. The petition for the writ alleges the ownership of certain described lands in Morrison county; and

[1]Reported in 283 N. W. 138.

alleges that pursuant to tax judgments the several tracts of land were sold to the state; that the auditor issued and delivered to the sheriff of said county for service notices to the occupants to redeem; that as to the tracts described in notice "A" the sheriff returned that he had served the same upon one Ed Lofgren, and as to the tracts described in notice "B" the sheriff returned that they were vacant with no one in possession; that as to the tracts described in notice "A" it is alleged that each at the time of the service was actually occupied by several tenants of petitioner other than Ed Lofgren, and that no notice of the expiration of redemption was served upon any of them; that the tracts described in notice "B" were actually occupied by tenants of petitioner on the date when the sheriff returned that they were vacant and unoccupied; that petitioner, desiring to redeem on April 16, 1938, under the provisions of Ex. Sess. L. 1937, c. 88 (3 Mason Minn. St. 1938 Supp. §§ 2176-26 to 2176-34), applied to the respondent auditor for his official certificate showing the amount to be paid to redeem said tracts from the tax sales and at the same time presented proof of title, but that the auditor declined, stating as his sole ground that the time for redemption had expired; that on the same date petitioner, desiring to redeem said tracts of land under the provisions of L. 1937, c. 486 (3 Mason Minn. St. 1938 Supp. § 2176-11), applied to said auditor for his official certificate showing the amount to be paid under that act, presenting proof of title, but the auditor refused, stating as his sole ground of refusal that the time for redemption had expired; it is also averred that after the auditor had thus refused to issue his official certificate, and on the same date, petitioner tendered to the defendant county treasurer the sum of $725.98, the amount necessary to redeem said tracts of land from the tax judgment sales under the provisions of Ex. Sess. L. 1937, c. 88, and he refused, stating as his sole reason therefor that the time for redemption had expired; that he then tendered said treasurer $1,284.60, the amount necessary to redeem under L. 1937, c. 486, and said tender was refused for the same reason as the first. The notices with proof of service are attached to and made a part of the petition.

Upon this appeal the allegations of the petition must be accepted as true. It is clear that the attorney for respondents as well as the court below proceeded on the theory that *mandamus* is not the proper remedy since the enactment of the declaratory judgments statute. 3 Mason Minn. St. 1938 Supp. §§ 9455-1 to 9455-16. It is true that *mandamus* is an extraordinary remedy, not to be used where there is a plain, speedy, and adequate remedy in the ordinary course of law. 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5754; International Harvester Co. v. Elsberg, 197 Minn. 360, 268 N. W. 421; State ex rel. Jenkins v. Ernest, 197 Minn. 599, 268 N. W. 208; State ex rel. Hendrickson v. Strom, 198 Minn. 173, 269 N. W. 371. But the issuance of an official certificate of the amount necessary to be paid to redeem land sold under a tax judgment is a pure ministerial duty imposed by law upon the county auditor. He has the custody of the official records pertaining to the tax judgment, sale, and notice of expiration of the time for redemption, if any. Since the decision in State ex rel. Ray v. Halden, 62 Minn. 246, 64 N. W. 568, *mandamus* has been recognized as the proper remedy for obtaining an official certificate from the county auditor of the proper amount required to be paid the county treasurer to redeem land sold under a tax judgment. State ex rel. Kipp v. Nord, 73 Minn. 1, 75 N. W. 760, 72 A. S. R. 594; State ex rel. Kipp v. Johnson, 83 Minn. 496, 86 N. W. 610; State ex rel. Kipp v. Peltier, 86 Minn. 181, 90 N. W. 375; State ex rel. Coates v. Butler, 89 Minn. 220, 94 N. W. 688; State ex rel. Nat. F. Ins. Co. v. Scott, 92 Minn. 210, 99 N. W. 799; State ex rel. Equity Farms, Inc. v. Hubbard, 203 Minn. 111, 280 N. W. 9. And for the purpose stated *mandamus* appears to have been a workable, adequate, and speedy remedy. It is true that in State ex rel. Ray v. Halden, *supra*, the property bid in for the state at the tax sale had been assigned to other parties, who, having received notice of the pendency of the *mandamus* proceeding, came in and answered. But the court did not consider that circumstance of any consequence so far as the remedy was concerned, saying [62 Minn. 250]:

"*Mandamus* to compel the county auditor to permit the relator to redeem and to execute certificates of redemption was a proper

remedy. The purpose of the proceedings is not to determine a question of title to the land (although incidentally it has that effect), but to compel the performance by the auditor of an act which the law specially enjoins as a duty resulting from his office, and to the performance of which the relator is entitled as an absolute legal right."

The declaratory judgments law was not designed to supplant other remedies well established and working satisfactorily. Miller v. Siden, 259 Mich. 19, 242 N. W. 823. In Lisbon Village Dist. v. Lisbon, 85 N. H. 173, 174, 155 A. 252, 253, it is said of the declaratory judgments law:

"The declaratory judgment act (Laws 1929, c. 86) was designed to supply deficiencies in legal procedure which existed before the enactment of the statute. Faulkner v. Keene, 85 N. H. 147, 155 A. 195. It was not intended as a substitute for ample remedies in use before its adoption."

To the same effect is Bell Tel. Co. v. Lewis, 313 Pa. 374, 376, 169 A. 571, where it was held that an action for a declaratory judgment against the governor to test the constitutionality of certain statutes could not be maintained, saying:

"Such a proceeding will not be entertained where another statutory remedy has been provided in cases of similar import: *Ibid.*, 471 [284 Pa. 455, 131 A. 265]; Leafgreen v. La Bar, 293 Pa. 263, 142 A. 224; Nesbitt v. Manufacturers' Cas. Ins. Co. 310 Pa. 374, 165 A. 403. Here the plaintiff has a fully adequate remedy in which to test the question which it raises, the constitutionality of the statutes, by *mandamus* proceedings against the secretary of highways."

If the notices to terminate the right of redemption were invalid because not served or improperly served, as alleged in the petition (and to be taken as true on the motion to quash this proceeding), the writ should issue. It is to be presumed that the county auditor and the county treasurer represent the interests of the state and municipalities. They appeared by the county attorney. If there be any question whether the redemption should be made under Ex. Sess. L. 1937, c. 88, or under L. 1937, c. 486, neither the county

officials nor the court would likely resolve it in favor of the smaller amount unless the statutes so compel.

The judgment is reversed.